UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>   v.<br><br>ROSHON E. THOMAS,<br><br>           Defendant. | No. CR-03-129-FVS<br><br>ORDER |

**THIS MATTER** comes before the Court pursuant to 28 U.S.C. § 2255 based upon the defendant's motion to vacate his conviction on the ground that he was denied constitutionally effective assistance of counsel.

**BACKGROUND**

An informant told law enforcement officers that Jaime McGuffey rented cars in her name and allowed the defendant to drive them to southern California to obtain controlled substances that he sold in Spokane, Washington, upon is return.  Officers corroborated important parts of the informant's statements.  Furthermore, during the course of their investigation, they learned that Ms. McGuffey had made a another reservation to rent a car.  They obtained a warrant from a federal magistrate judge authorizing them to install a tracking device on the car.  After the officers installed the device, the car rental company rented the car to Ms. McGuffey.  She was the only person

ORDER- 1

authorized to drive it.  Four days later, Washington State Patrol troopers stopped it approximately ten miles west of Spokane.  The car was being driven by the defendant.  He was the only person in it.  More than one warrant existed for his arrest.  He was arrested and booked into jail.  The rental car was impounded.  Officers searched the car without a warrant.  They discovered $1,262.90 in the passenger compartment of the car.  In addition, they discovered 490.3 grams of cocaine and 25.1 grams of heroin in the trunk.  A grand jury returned an indictment charging him with possession with intent to deliver cocaine (Count 1) and possession with intent to deliver heroin (Count 2).  21 U.S.C. § 841(a)(1).  The defendant moved to suppress the items seized by the officers.  The Court conducted an evidentiary hearing.  Counsel for the defendant did not present any evidence indicating that Ms. McGuffey had given the defendant permission to drive the rental car.  The Court ruled that, absent evidence the defendant had received permission from Ms. McGuffey to drive the rental car, he lacked standing to challenge the search of the vehicle.  The defendant entered a conditional plea of guilty to Count 1, *i.e.*, possession with intent to distribute cocaine.  After the plea but before sentencing, he asked for a new attorney.  The Court appointed one.  The new attorney filed a motion seeking permission for the defendant to withdraw his plea of guilty.  The Court denied the motion.  In doing so, the Court ruled that the defendant had suffered no prejudice as a result of his former attorney's failure to present evidence indicating that Ms. McGuffey had authorized him to drive the rental car.  Later, the Court sentenced the defendant to 188 months of imprisonment.  He

ORDER- 2

appealed. Appellate counsel raised several issues. However, he did not challenge the Court's decision to hold the defendant to his plea agreement. The Ninth Circuit affirmed the denial of his motion to suppress, but remanded for further proceedings pursuant to *United States v. Ameline,* 409 F.3d 1073, 1084-85 (9th Cir. 2005) (en banc). The Court declined to resentence him. He did not appeal that decision. Instead, less than three months later, he filed a motion to vacate his conviction. 28 U.S.C. § 2255.

**NO PREJUDICE FROM FAILURE TO ESTABLISH STANDING**

The defendant alleges he was deprived of constitutionally effective assistance by his first attorney's failure to present evidence at the suppression hearing indicating that Ms. McGuffey had authorized him to drive the rental car. This allegation is governed by the familiar, two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Not only must the defendant demonstrate that his first attorney's performance at the suppression hearing was deficient, but also he must demonstrate that he suffered prejudice as a result. *Id.* at 687, 104 S.Ct. at 2064.[1] The Court need not decide whether counsel's performance at the suppression hearing was deficient. Even if he had offered evidence that was sufficient to create standing, the government would have been able to show that the officers did not violate the Fourth Amendment.

---

[1] The Court rejected the same allegation when it denied the defendant's motion to withdraw his guilty plea. The government does not argue that the defendant's failure to challenge this ruling on appeal bars him from re-litigating the issue of prejudice under 28 U.S.C. § 2255. *See United States v. Ware*, 416 F.3d 1118, 1121 (9th Cir.2005).

ORDER- 3

To begin with, officers do not effect a search or a seizure by placing an electronic tracking device upon a rental car before it is rented to a customer. *See United States v. McIver*, 186 F.3d 1119, 1126-27 (9th Cir.1999). *See also United States v. Garcia*, 474 F.3d 994, 996-97 (7th Cir.2007). Neither do they effect a search or a seizure by using an electronic tracking device to monitor a motorist's movements upon a public highway. *United States v. Karo*, 468 U.S. 705, 713-14, 104 S.Ct. 3296, 3302-03, 82 L.Ed.2d 530 (1984); *United States v. Knotts*, 460 U.S. 276, 285, 103 S.Ct. 1081, 1087, 75 L.Ed.2d 55 (1983); *McIver*, 186 F.3d at 1126. Given the information that was collectively known by the officers when they detected the rental car returning to Spokane, *United States v. Butler*, 74 F.3d 916, 920-21 (9th Cir.)), *cert. denied*, 519 U.S. 967, 117 S.Ct. 392, 136 L.Ed.2d 308 (1996), they reasonably suspected he was driving. Multiple arrest warrants existed for his arrest. Thus, the troopers properly stopped the rental car. *See United States v. Hensley*, 469 U.S. 221, 229, 105 S.Ct. 675, 680, 83 L.Ed.2d 604 (1985) ("If police have a reasonable suspicion, grounded in specific and articulable facts, that a person they encounter was involved in or is wanted in connection with a completed felony then a *Terry* stop may be made to investigate that suspicion."). The officers' warrantless search of the rental car was reasonable under one or more exceptions to the warrant requirement. *See, e.g., Maryland v. Dyson*, 527 U.S. 465, 467, 119 S.Ct. 2013, 2014, 144 L.Ed.2d 442 (1999) (per curiam) (automobile exception). In any event, discovery of the contraband was inevitable given the rental car company's policy of having the police impound a rental car when it is

ORDER- 4

not occupied by a person who is authorized to drive it. *See Nix v. Williams*, 467 U.S. 431, 440-48, 104 S.Ct. 2501, 81 L.Ed.2d 377 (1984). Since the officers' seizure of the contraband in the rental car did not violate the Fourth Amendment, the defendant suffered no prejudice as a result of his first attorney's failure to offer evidence necessary to establish standing.

**NO PREJUDICE FROM APPELLATE COUNSEL'S FAILURE TO CHALLENGE RULING DENYING PERMISSION TO WITHDRAW GUILTY PLEA**

As noted above, the defendant's appellate attorney did not challenge the Court's denial of the defendant's motion to withdraw his plea of guilty. The defendant alleges that this omission deprived him of constitutionally effective assistance of counsel. A person convicted of a federal crime has a right to effective representation during the course of his direct appeal. *United States v. Cross*, 308 F.3d 308, 315 (3d Cir.2002). This right is not grounded in the Sixth Amendment, but in the Due Process Clause of the Fifth Amendment. *United States v. Baker*, 256 F.3d 855, 859 n.2 (9th Cir.2001); *Miller v. Keeney*, 882 F.2d 1428, 1434 n.4 (9th Cir.1989). Despite the fact that an allegation of ineffective appellate assistance rests upon the Fifth Amendment, rather than the Sixth Amendment, it is also governed by the *Strickland* standard. *Smith v. Robbins*, 528 U.S. 259, 285, 120 S.Ct. 746, 764, 145 L.Ed.2d 756 (2000); *Baker*, 256 F.3d at 862. The defendant's motion to withdraw his plea of guilty was based upon his contention that his first attorney had failed to provide constitutionally effective assistance at the suppression hearing. (Memorandum of Authorities in Support of Defendant's Motions to

Withdraw Plea and to Reopen Suppression Hearing, at 1-2.)  Since, as explained above, the defendant could not have prevailed at the suppression hearing, he did not have "a fair and just reason" for withdrawing his guilty plea.  Fed.R.Crim.P. 11(d)(2)(B).  Thus, there is no reason to think the Ninth Circuit would have reversed this Court's denial of the defendant's motion to withdraw his plea of guilty.  The defendant suffered no prejudice as a result of his appellate attorney's failure to raise this issue.[2]

**IT IS HEREBY ORDERED:**

1. The defendant's motion to amend his motion to vacate (**Ct. Rec. 96**) is granted.

2. The defendant's motion to vacate his conviction (**Ct. Recs. 92**) is denied.

**IT IS SO ORDERED.**  The District Court Executive is hereby directed to enter this order and furnish copies to the defendant and to counsel for the government.

**DATED** this ___9th___ day of August, 2007.

                         s/ Fred Van Sickle
                           Fred Van Sickle
                       United States District Judge

---

[2] It is unclear what the defendant would have accomplished by withdrawing his guilty plea and exercising his right to a jury trial.  The government had a strong case.  The officers found cocaine and heroin in the trunk of the rental car that he was driving.  He was the only occupant.  There is no indication that anyone other than he had had access to the trunk of the rental car while it was in his possession.

ORDER- 6