UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ROSHON THOMAS,<br><br>　　　　　Defendant. | No. CR-03-129-FVS<br><br>ORDER DENYING MOTION TO AMEND JUDGMENT |

**THIS MATTER** comes before the Court based upon the defendant's motion to amend the judgment.

**BACKGROUND**

On December 8, 2004, the Court sentenced the defendant to a term of 188 months imprisonment based upon his conditional plea of guilty to the crime of possession with intent to distribute a controlled substance. 21 U.S.C. § 841(a)(1). The Court recommended that the Bureau of Prisons ("BOP") grant him credit for the time he had served in federal custody. The defendant submits the BOP has failed to give him credit for all of the time to which he is entitled. He urges the Court to amend the judgment to specify he is entitled to credit for the disputed period of time. According to the defendant, he will be able to enter his institution's residential drug and alcohol abuse program ("RDAP") sooner if the Court grants his request.

ORDER - 1

**RULING**

While the Court has carefully considered the defendant's request, while the Court is pleased by the defendant's decision to participate in the RDAP, and while the Court encourages the BOP to allow him to participate in the RDAP at the earliest practical time, the Court must deny the defendant's motion to amend the judgment. "After a district court sentences a federal offender, the Attorney General, through the [Bureau of Prisons], has the responsibility for administering the sentence." *United States v. Wilson*, 503 U.S. 329, 335, 112 S.Ct. 1351, 1355, 117 L.Ed.2d 593 (1992). Thus, questions concerning the execution of a sentence should be presented to the BOP in the first instance. *See id*. If, after exhausting his administrative remedies, the defendant remains dissatisfied, he may seek review of the BOP's decision under 28 U.S.C. § 2241. *See Doganiere v. United States*, 914 F.2d 165, 169 (9th Cir.1990); *United States v. Giddings*, 740 F.2d 770, 772 (9th Cir.1984). However, the proper forum for bringing a § 2241 habeas petition challenging the execution of a sentence is the district where the prisoner is confined. *Dunne v. Henman*, 875 F.2d 244, 249 (9th Cir.1989). The proper respondent in such an action is the prisoner's "immediate custodian." *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir.1992) (per curiam) (citation omitted). In view of the preceding principles, this Court lacks authority to grant the relief that the defendant seeks. To begin with, there is no indication in his moving papers he has exhausted his administrative

ORDER - 2

remedies with the BOP.  And even if he had, he is not incarcerated in this district nor has he filed a petition pursuant to 28 U.S.C. § 2241.  For these reasons, his motion must be denied.

**IT IS HEREBY ORDERED:**

The defendant's motion to amend the judgment (ECF No. 151) is denied.

**IT IS SO ORDERED.**  The District Court Executive is hereby directed to enter this order and furnish copies to Mr. Thomas and to counsel for the United States.

**DATED** this ___17th___ day of June, 2011.

                          s/ Fred Van Sickle
                             Fred Van Sickle
               Senior United States District Judge