UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ROSHON THOMAS,<br><br>    Defendant. | No. CR-03-129-FVS<br><br>ORDER DENYING MOTION TO VACATE |

**THIS MATTER** comes before the Court without oral argument based upon the defendant's motion to vacate. For the reasons explained below, the Court lacks authority to consider the motion.

**BACKGROUND**

The following is a partial chronology of the procedural history of the defendant's case. The defendant entered a conditional plea of guilty to the crime of possession with intent to distribute a controlled substance. 21 U.S.C. § 841(a)(1). Judgment was entered on December 8, 2004. The defendant was committed to the custody of the Bureau of Prisons for a period of 188 months. He is presently serving the sentence.

The defendant appealed his conviction. On July 10, 2006, the District Court Executive of the Eastern District of Washington received the mandate of the Ninth Circuit affirming the defendant's conviction. On April 25, 2007, the defendant filed a motion to vacate

Order - 1

his conviction and sentence. 28 U.S.C. § 2255. The Court denied his motion on August 9th. On August 27th, the District Court Executive docketed his notice of appeal. The Court denied a certificate of appealability ("COA") on September 10th. On September 28th, the District Court Executive received a form from the Clerk of the Ninth Circuit acknowledging the defendant's notice of appeal and informing the District Court Executive of the case number that had been assigned by the Ninth Circuit. Thereafter, the District Court Executive submitted a number of documents to the Ninth Circuit. On January 28, 2008, the Ninth Circuit also denied a COA. 28 U.S.C. § 2253(c)(2). The Ninth Circuit did not issue an order addressing the merits of the defendant's appeal of this Court's order denying his motion to vacate.

On September 16, 2008, the defendant filed a motion attacking the judgment under Federal Rule of Civil Procedure 60(b). On October 6th, the Court denied his motion because it was, in essence, a second § 2255 motion and he had not obtained permission from the Ninth Circuit to file it. On October 8th, he filed a supplemental Rule 60(b) motion. The Court denied his supplemental motion on October 9th. He appealed. The Ninth Circuit remanded the matter so the Court could decide whether to issue a COA. On February 4, 2009, the Court declined to do so. On November 22, 2010, the Ninth Circuit affirmed the Court's characterization of the defendant's Rule 60(b) motions as second or successive § 2255 motions. In addition, the Ninth Circuit ruled he had failed to make the showing that is required by § 2255(h) in order to obtain permission to file a second or successive § 2255 motion.

Order - 2

During October of 2011, the defendant filed two motions. The first motion alleged the District Court Executive failed to forward to the Ninth Circuit the notice of appeal the District Court Executive received on August 27, 2007 in response to the Court's decision to deny the defendant's first § 2255 motion. The Court denied the first motion because the District Court Executive had, in fact, forwarded all of the relevant documents to the Ninth Circuit during September of 2007. The second motion the defendant filed during October of 2011 alleged this Court had not resolved all of the issues he raised during 2007. The Court denied the second motion because it had, in fact, resolved all material issues the defendant presented to the Court during 2007. The defendant filed a notice of appeal. The Ninth Circuit declined to issue a COA on April 13, 2012.

On May 30th, the defendant resubmitted a motion to vacate. 28 U.S.C. § 2255. He remains convinced the Ninth Circuit has never considered, much less adjudicated, the issues he raised in his 2007 motion. He is unsure why the Ninth Circuit failed to act. He suspects the Ninth Circuit's alleged inaction may be the result of this Court's failure to properly process his 2007 notice of appeal. The threshold issue is whether the Court has authority to consider the defendant's resubmitted § 2255 motion.

**RULING**

The record shows the Clerk of the Ninth Circuit Court of Appeals timely received the defendant's 2007 notice of appeal from the District Court Executive of the Eastern District of Washington. The defendant's suspicions regarding the District Court Executive's

handling of the 2007 notice of appeal are unfounded.  There is no reason this Court should revisit his 2007 motion to vacate.  Indeed, the Court lacks authority to do so.  As the defendant seems to acknowledge, the pending § 2255 motion is a second or successive § 2255 motion.  Accordingly, this Court lacks jurisdiction to consider it unless and until the defendant obtains a certificate from the Ninth Circuit authorizing this Court to do so.  *See United States v. Washington*, 653 F.3d 1057, 1065 (9th Cir.2011).

**IT IS HEREBY ORDERED:**

The defendant's motion to vacate (**ECF No. 179**) is **denied** for lack of jurisdiction.

**IT IS SO ORDERED.**  The District Court Executive is hereby directed to enter this order and furnish copies to the defendant and to counsel for the United States.

**DATED** this ___19th___ day of June, 2012.

                            s/ Fred Van Sickle
                              Fred Van Sickle
                  Senior United States District Judge

Order - 4